UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.

ANN SPINOSA,

               Defendant.

_____

DECISION AND ORDER

24-CR-6146-CJS-CDH

Defendant Ann Spinosa ("Spinosa") is charged by second superseding indictment with five counts of wire fraud in violation of 18 U.S.C. § 1343 (Counts 1 through 5), four counts of aggravated identity theft in violation of 18 U.S.C. § 1028A (Counts 6 through 9), one count of conspiracy to commit wire fraud in violation of 18 U.S.C. § 1349 (Count 10), and four counts of money laundering in violation of 18 U.S.C. §§ 1957(a) and 2 (Counts 11 through 14). (Dkt. 86). The second superseding indictment also contains a forfeiture allegation. (Id.).

The undersigned referred the matter to the Honorable Colleen Holland, United States Magistrate Judge, to address all pre-trial matters, "including all pre-trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B)." (Dkt. 19; Dkt. 31).

1

On January 14, 2026, Magistrate Judge Holland issued a Report and Recommendation, ECF No. 126, addressing ECF Nos. 77, 108, 109, 110, 111, and 112. In that regard, Judge Holland noted that,

> Spinosa has filed six pretrial motions to dismiss, arguing that: (1) the Speedy Trial Act, 18 U.S.C. § 3161 et seq., has been violated; (2) the government has committed prosecutorial misconduct by "failing to uphold the rule of law for a speedy indictment"; (3) the government has engaged in prosecutorial misconduct through "witness tampering and coercion"; (4) the government has engaged in prosecutorial misconduct through "misuse of grand jury proceedings"; (5) the government has engaged in prosecutorial misconduct by sharing discovery with an unretained defense attorney; and (6) inconsistent statements made by Joseph Gianinni ("Giannini"), a defendant in a related case, undermine the government's case against Spinosa. (Dkt. 77; Dkt. 108; Dkt. 109; Dkt. 110; Dkt. 111; Dkt. 112). The government opposes each of these motions. (Dkt. 89; Dkt. 118). I held oral argument on Spinosa's motions on December 17, 2025, at which time I reserved decision. (Dkt. 122). For the reasons set forth below, I recommend that the District Judge deny Spinosa's motions to dismiss.

ECF No. 126. Judge Holland then went on, over the course of her twenty-two page Report and Recommendation, to explain why Spinosa's motions lack merit and should be denied.

The Report and Recommendation indicated that any objections had to be filed by January 28, 2026. The Court subsequently extended the deadline for filing objections numerous times. See, ECF Nos. 130, 138, 145. The final deadline for filing objections was June 29, 2026, and no objections were filed by that date.

"The district court may adopt those portions of a report and recommendation to which no objections have been made, as long as no clear error is apparent from the face of the record." *United States v. Preston*, 635 F. Supp. 2d 267, 269 (W.D.N.Y. 2009).

2

Having reviewed the record, the Court finds no error, clear or otherwise, in the Report and Recommendation. Accordingly, the Court accepts and adopts the Report and Recommendation (ECF No. 126) in all respects. Spinosa's motions to dismiss (ECF Nos. 77, 108, 109, 110, 111, and 112) are denied.

IT IS SO ORDERED.

DATED:    Rochester, New York
          July 28 , 2026

ENTER:

_____
CHARLES J. SIRAGUSA
United States District Judge

3